IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| V. | : | Criminal Case No: |
| | : | |
| REGINALD PERKINS, | : | 1:16-CR-0029-01-SCJ |
| Defendant | : | |

### DEFENDANT'S SENTENCING MEMORANDUM

COMES NOW, Defendant REGINALD PERKINS, by and through the undersigned counsel of record, and presents this court with the following information to ensure a just and appropriate sentence for the Defendant in this case:

1.

The correct loss amount attributable to Mr. Perkins is $70,785.00. Mr. Perkins has admitted to his role in the money laundering scheme underlying this case. The Government has established, and Mr. Perkins does not deny, that Mr. Perkins worked in collusion with three other persons to further this scheme. What Mr. Perkins does deny is that the Government's method of calculating the loss amount attributable to him is unreasonable.

The Government goes to great lengths in an effort to convince this court that its arbitrary method of calculating the loss amount results is a "conservative" and "reasonable" estimate of the actual loss in this case. In furtherance of their position, the Government relies solely on a single statement made by Mr. Perkins, before he was indicted, and before he was represented by counsel. To persuade this court, the

Government cites two cases within this circuit. However, the two cases cited by the Government are far from on point with the instant case.

First, in *Asante*, the defendant's statements were used in order to determine whether an enhancement for exporting firearms should be applied. *United States v. Asante*, 782 F.3d 639, 646 (11th Cir. 2015). The purpose of using the defendant's statements was to satisfy the "knowledge, intent, or reason to believe" standard for applying the enhancement in USSG § 2K2.1(b)(6)(A) to that case. There is no mention in that case, or any other, especially in the context of a fraud case, that the use of a defendant's statement be used beyond this intent-based purpose. Furthermore, the Government cites to *Murphy*, a case that consists of an opinion approximately one and a half pages in length. *United States v. Murphy*, 491 F. App'x 946 (11th Cir. 2012). In the concluding paragraph of that opinion, there is a single sentence, which states, "The court calculated the drug quantity from Murphy's own statements regarding his cocaine purchases over 18 months." *Id.* at 966. No detail is given as to what the defendant's statements were. Furthermore, there is no indication in the opinion, or anywhere else within case law for that matter, that the practice of solely using a defendant's statements to determine drug quantities should be extended to determine loss amounts in fraud cases.[1] On the contrary, as discussed below, the cases that do address the calculation of loss amounts require specific showings on the part of the Government.

In calculating the amount of loss, the district court need only make a reasonable estimate of the loss. *United States v. Kynard*, 427 Fed. App'x 755, 758 (11th Cir.

---

[1] The Government also provides several cases outside of this circuit in an attempt to persuade this court that its position is correct. However, while these cases do stand for the proposition that a defendant's statements can be used for sentencing purposes, they fail to illustrate why and/or how they relate to calculating loss amounts in fraud cases.

2011)(quoting *United States v. Grant*, 431 F.3d 760, 762 (11th Cir. 2005)). However, the district court must not speculate concerning the existence of a fact that would permit a more severe sentence under the guidelines. *Id.*(quoting *United States v. Dominguez*, 109 F.3d 675,767 (11th Cir. 2010)). The district court has an obligation to make factual findings sufficient to support the government's claim of loss based on a preponderance of the evidence, when the defendant challenges that claim. *Id.*(quoting *United States v. Patterson*, 595 F.3d 1324, 1327 (11th Cir. 2010)). Once a defendant challenges a loss amount, the Government must then present "reliable and specific evidence" in support of the loss calculation, which then requires the district court to make appropriate findings of fact. *Id.* at 759.

In *Kynard*, the Court of Appeals held that it was clear error to apply a higher loss amount to the defendant when the only evidence of the higher amount was a statement made by the defendant to the investigating agent. *Id.* In *Kynard*, the government presented no evidence, instead making its own proffer regarding statements made by the defendant, and her co-defendant, to the investigating agents. *Id.* This bears a striking resembles to this case. Here, the government has no specific evidence that Mr. Perkins laundered over one million dollars using one hundred co-conspirators. Instead, the Government is attempting to use Mr. Perkins's statement to conflate the loss amount for the sole purpose of increasing his sentence. As was the case in *Kynard*, a mere proffer on the part of the government as to statements made during the course of an investigation, while presumptively proper for estimating drug amounts or determining someone's intent to smuggle weapons, cannot sustain a finding of fact that the loss amount attributable to Mr. Perkins comes remotely close to that which the Government alleges. Instead, using

the specific evidence in the PSR, the government has shown that Mr. Perkins was involved in a conspiracy with three other people and has specifically and quantifiably shown the loss amount attributable to at least one of his co-conspirators. There are other cases from this circuit that agree with Mr. Perkins's position.

In *United States v. Melo*, 259 Fed. App'x 248 (11th Cir. 2007) the Court of Appeals found clear error when the district court conflated the defendant's loss amount, on a conspiracy to commit money laundering, as is the case here, by $600,000.00 when the only reason for applying the higher amount was a statement by the defendant. When the defendant was asked by an undercover agent to launder $800,000.00, the defendant replied that he only had $200,000.00 "at that time." *Id*. at 255. The Court of Appeals noted that while someone "could reasonably conclude" from the phrase "at that time" "that [the defendant] might deliver additional funds at some time in the future, but it would require impermissible speculation" to make that inference. *Id*. The Court of Appeals would go on to hold that the defendant's statement was not the kind of reliable and specific evidence required to meet the government's burden of proving the loss amount by a preponderance of the evidence. *Id*.

As illustrated above, the loss amount attributable to Mr. Perkins falls far short of that proposed by the Government. The only reliable and specific evidence in this case shows that Mr. Perkins dealt with three identified individuals and conspired to launder money in the approximate amount of $70,785.00. Contrary to the Government's insinuation, Mr. Perkins takes full responsibility for his role in the scheme. The only thing Mr. Perkins does not agree with is the arbitrary method the Government has used to calculate the loss amount attributable to him. While it may be permissible to base other

sentencing enhancements based solely on a defendant's statements in other circumstances, the law is clear that the Government must prove the loss amount by a preponderance of the evidence using reliable and specific evidence. As such, this court cannot and should not speculate as to the loss amount attributable to Mr. Perkins based on a single sentence given by him during an interrogation. Given the appropriate loss amount contained herein, Mr. Perkins should receive an enhancement of 6 levels and not the 14 level enhancement the Government alleges.

2.

Mr. Perkins continues to object to the enhancement for trafficking of unauthorized access devices under USSG §2B1.1(b)(11); however, Mr. Perkins reserves his argument on this point for the upcoming sentencing hearing.

3.

Mr. Perkins continues to object to the enhancement based on his role in the conspiracy under USSG §3B1.1; however, Mr. Perkins reserves his argument on this point for the upcoming sentencing hearing.

Respectfully submitted this 19th day of August, 2016,

Dan Conaway
Attorney for the Defendant
Georgia Bar #180310

Conaway & Strickler, P.C.
75 Fourteenth Street NW, Suite 3000
Atlanta, Georgia 30309
(404) 816-5000 (phone)